Ciklin, C.J.
After a university professor’s application for promotion and tenure was denied, the parties attended arbitration. The arbitrator granted the professor relief, but the circuit court vacated the award, resulting in this appeal and cross-appeal. We agree with the circuit court that the arbitrator exceeded his authority in awarding the *365 professor tenure, but we reverse and remand for the circuit court to direct the appellee to review the professor’s application for tenure utilizing the correct criteria. Likewise, on the cross-appeal, we reverse and remand for the circuit court to direct the appellee to review Nash’s application for promotion utilizing the correct criteria.
In 2008, the appellee, Florida Atlantic University (“the University”), hired Cla-rece Nash as an assistant professor of accounting. During Nash’s sixth year of employment, she applied for promotion to associate professor and for tenure status in the College of Business’s School of Accounting.
According to the arbitration award, Nash’s application took the following path:
[T]he Accounting Department faculty voted in favor of awarding tenure by a vote of six (6) in favor and two (2) opposed. The Director of the School of Accounting, Associate Professor Dr. Kimberly Dunn, also supported tenure. In accordance with the University’s Guidelines for Appointment, Promotion and Tenure of Faculty, Dr. Dunn issued a letter citing the criteria used to evaluate the record of the Grievant and the reasons for supporting an award of tenure.
Following the departmental review, the College Promotion and Tenure Committee reviews the criteria, the candidate’s file, and the recommendations made by both the faculty members and the chair/director. The college committee then votes and issues a written recommendation to the dean of the college. In this case, the College of Business Committee voted against tenure with a vote of two (2) faculty members in favor, and four (4) members opposed. The Dean of the College of Business reviews the aforementioned voting results and recommendations as part of the tenure review process. The Dean also considers department/school and college/university needs, and then forwards his own recommendation to the Provost.
On December 19, 2018, Daniel Gropper, Dean of the College of Business, issued his memorandum regarding the Griev-ant’s tenure application to Diane Alper-in, Vice Provost. Dean Gropper expressed his belief that a significant issue existed with respect to the Grievant’s academic research quality. Specifically, Dean Gropper felt that the Grievant’s academic articles did not represent high quality research, and instead amounted to descriptive or interpretive pieces. Dean Gropper cited the lack of publication in top quality journals as a reason for his lack of support, and in his judgment, “the totality of the quality of her academic research is the reason” that his recommendation was in the negative. Following a college dean’s recommendation, the faculty members of the University Promotion and Tenure Committee review portfolios, criteria, and prior recommendations, and then issue their own recommendation to the Provost. On January 17, 2014, the University Promotion and Tenure Committee considered the Grievant for promotion and tenure. The Grievant did not receive a single vote in her favor, and received eight (8) votes against granting tenure. The reason cited for the negative votes was “insufficient evidence of quality publications.”
Based on his independent review of Nash’s “materials and the recommendations from [Nash’s] Department, [her] Director, the College Promotion and Tenure Committee, the Dean, and the University Promotion and Tenure Committee,” the University’s provost did not recommend Nash for tenure and promotion, and the University’s president concurred.
*366 Nash filed a grievance in which she alleged that the University violated Sections 14.2 and 15.1 of the collective bargaining agreement (“the CBA”), which governs the tenure and promotion procedure. The matter ultimately ended up in arbitration.
Nash made the following arguments:
• The University failed to follow any established criteria—including the Accounting Journals List—in evaluating the Grievant’s application for promotion and tenure.
• The School of Accounting Journal List constitutes “criteria” under Articles 14 and 15 of the CBA.
• The Dean and Provost were not familiar with the process, thereby tainting the results.
• The Grievant’s record clearly establishes that she met the established criteria for promotion and tenure.
After an evidentiary hearing, the arbitrator found in favor of Nash. In his opinion and award, the arbitrator found that the University violated Section 15.1(c) of the CBA, which stated that decisions relating to tenure shall be based on established criteria. The arbitrator found that “the overwhelming evidence points to the ‘School of Accounting Journal List’ as the criteria by which the Grievant’s research should have been measured, but clearly was not.” He also found that the University’s application of new criteria rather than established criteria violated Articles 14 and 15 of the CBA. The arbitrator directed the University to “take the appropriate action to remedy its contract violation,” to “follow the appropriate established criteria and to grant the Grievant’s application for promotion and tenure,” and to make Nash “whole for any loss of earnings or other benefits she has sustained.”
The University petitioned the circuit court to vacate the arbitration opinion and award, asserting that the arbitrator exceeded his authority under the CBA. The court vacated the opinion and award, reasoning that under the CBA, tenure could not be awarded as a remedy by the arbitrator. The trial court awarded Nash an additional year of employment, permitted Nash to reapply for tenure, and directed the University to review Nash’s application “in accordance with the collective bargaining agreement, and University policy and tenure criteria in existence during the 2013-2014 tenure application process, including the prior ‘School of Accounting Journal List.’ ” In an amended order, the court confirmed the portion of the arbitration opinion and award which directed the University to award Nash a promotion.[1]
Nash argues on appeal that the circuit court erred in finding that the arbitrator exceeded his jurisdiction in directing the University to award her tenure.
“The trial court’s decision to confirm or vacate the arbitration award is reviewed for an abuse of extremely limited discretion.” Commc’ns Workers of Am. v. Indian River Cty. Sch. Bd., 888 So.2d 96, 99 (Fla. 4th DCA 2004). Whether an arbitrator exceeded his authority within the meaning of section 682.13, Florida Statutes, is an issue of law subject to de novo review. Visiting Nurse Ass’n of Fla., Inc. v. Jupiter Med. Ctr., Inc., 154 So.3d 1115, 1124 (Fla. 2014).
*367 Section 682.13, Florida Statutes (2015), provides for limited grounds upon which an arbitration award may be vacated. One of those grounds is that an arbitrator has exceeded his or her power. § 682.13(l)(d). “[A]n arbitrator exceeds his or her power [] when he or she goes beyond the authority granted by the parties or the operative documents and decides an issue not pertinent to the resolution of the issue submitted to arbitration.” Commc’ns Workers of Am., 888 So.2d at 99 (alterations in original) (citation omitted).
Article 20 of the CBA provides for the “Grievance and Arbitration Procedure.” Specifically, subsections 20.8(f)(3)a.-c. provide for the arbitrator’s authority:
a. The arbitrator shall neither add to, subtract from, modify, or alter the terms or provisions of this Agreement. Arbitration shall be confined solely to the application and/or interpretation of this Agreement and the precise issue(s) submitted for arbitration. The arbitrator shall refrain from issuing any statements of opinion or conclusions not essential to the determination of the issues submitted.
b. Where an administrator has made a judgment involving the exercise of discretion, such as decisions regarding tenure or promotion, the arbitrator shall not substitute the arbitrator’s judgment for that of the administrator. Nor shall the arbitrator review such decision except for the purpose of determining whether the decision has violated this Agreement. If the arbitrator determines that the Agreement has been violated, the arbitrator shall direct the University to take appropriate action....
c. An arbitrator’s decision awarding employment beyond the sixth year shall not entitle the employee to tenure. In such cases the employee shall serve during the seventh year without further right to notice that the employee will not be offered employment thereafter. If an employee is reappointed at the direction of an arbitrator, the Provost or designee may reassign the employment during such reappointment.
Article 15 of the CBA governs tenure. Section 15.1(c)(1) addresses the criteria for tenure and provides in pertinent part that the “decision to award tenure to an employee shall be ... based on established criteria specified in writing by the Board and the University.” Section 15.1(d)(5) provides the following:
By the end of six (6) years of tenure-earning service at the University ... an employee who has applied for tenure shall either be awarded tenure by the Board or given notice that further employment will not be offered. If an employee fails to apply for tenure before or during the sixth year of tenure-earning service ... the employee’s employment will terminate at the end of the seventh year of service. ...
The parties stipulated to the following issues for arbitration: “In considering the Grievant’s application for tenure and promotion submitted in 2013 did the University violate Articles 14 and 15 of the CBA? If so, what is the appropriate remedy?” We find that the arbitrator did not exceed his authority in finding that the University violated provisions of Articles 14 and 15 of the CBA in making its tenure and promotion decision, as that was an issue before the arbitrator.
However, the arbitrator exceeded his authority in directing the University to grant Nash a promotion and tenure. Although the parties stipulated that the arbi *368 trator would determine “the appropriate remedy” for a breach - of the CBA, the parties did not expressly place before the arbitrator the issue of whether Nash should have been granted promotion and tenure. Rather, the issue was whether the University had violated the CBA’s procedure for determining an application for tenure and promotion. It is clear to us that once the arbitrator found the University violated the procedure by not relying on established criteria, “the appropriate remedy’ was for the arbitrator to direct the University to review Nash’s application using the correct criteria.
We also find that the circuit court erred in awarding Nash an additional year of employment and in permitting Nash to reapply for promotion and tenure during that year. The court relied on section 20.8(f)(3)c. of the CBA, which provides as follows:
An arbitrator’s decision awarding employment beyond the sixth year shall not entitle the employee to tenure. In such cases the employee shall serve during the seventh year without further right to notice that the employee will not be offered employment thereafter. If an employee is reappointed at the direction of an arbitrator, the Provost or designee may reassign the employee during such reappointment.
Contrary to the University’s argument, this section does not address arbitration remedies for breaches of the CBA with respect to tenure and promotion. Rather, it addresses the effect of an arbitrator’s valid award of employment beyond the sixth year, an apparent reference to Section 9.4(d)(3), which permits an arbitrator to “award additional employment” if an employee was not provided an “equitable opportunity” in relation to other employees to meet the criteria for promotion and tenure.[2] Rather than awarding Nash an additional year of employment and permitting Nash to reapply for tenure, the circuit court should have directed the University to review Nash’s 2013-2014 application for tenure utilizing the correct criteria.
The University cross-appeals the order on review to the extent it confirms the portion of the award directing the University to grant Nash a promotion. For the reasons previously discussed, we reverse and remand for the circuit court to direct the University to review Nash’s 2013-2014 application for promotion, this time invoking the correct criteria.

Affirmed in part, reversed in part, and remanded with instructions.

May and Kuntz, JJ., concur.

. We note that the discussion at the hearing seems to reflect that all parties agreed that both promotion and tenure were to be vacated in the trial court's order. During this appeal, the appellant moved for extension of time and to correct a clerical mistake, which we treated as a motion for relinquishment and granted. During the relinquishment period, the trial court entered an order that vacated only the promotion and not the tenure portion of the arbitrator’s award. That is the posture in which we rule on this appeal.

. "Equitable Opportunity” is described in the CBA as "assignments which provide equitable opportunities, in relation to other employees in the same departmenPunit, to meet the required criteria for promotion, tenure Nash never claimed that she was not given the necessary assignments to meet the required criteria for promotion and tenure.