DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LEIGH C. KATZMAN,** individually and as a shareholder of
**KATZMAN GARFINKEL, P.A.,** and **KATZMAN CHANDLER, P.A.,**
Appellants,

v.

**ALAN B. GARFINKEL,** individually and as a shareholder in
**KATZMAN GARFINKEL, P.A.,**
Appellee.

No. 4D20-2570

[December 8, 2021]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jack B. Tuter, Judge; L.T. Case No. CACE16-016921.

Daniel A. Bushell of Bushell Law, P.A., Fort Lauderdale, and Joshua E. Rasco of Katzman Chandler, P.A., Fort Lauderdale, for appellants.

Eric C. Edison of Gunster, Yoakley & Stewart, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

The parties to this case entered into a settlement agreement and agreed to submit any disputes related to the agreement to a designated third-party neutral for resolution. In this appeal, we review a circuit court order overruling one of the third-party neutral's decisions. We reverse the order, because the decision was within the broad scope of the third-party neutral's authority under the settlement agreement and was not subject to judicial review. Because we reverse on this issue, we do not reach the other issues raised on appeal.

**Background**

Leigh Katzman and Alan Garfinkel were the sole shareholders in a law firm called Katzman Garfinkel, P.A. ("KGPA"). After Garfinkel sued for judicial dissolution of the firm, the parties entered into a comprehensive settlement agreement. As part of the agreement, the parties selected an

outside lawyer to serve as both a firm representative, to facilitate the winding up of the firm, and a third-party neutral, to resolve any disputes related to the agreement.

The settlement agreement gives the third-party neutral the authority to resolve "all disputes relating to or as a consequence of" the agreement through an "expedited and informal" dispute resolution process. The third-party neutral has "the full breadth of powers and immunities provided to arbitrators under all applicable law[,]" and his decisions are "final and non-appealable." The parties reserved the right to initiate judicial proceedings to review or challenge the third-party neutral's decisions only "to the extent otherwise permitted."

This appeal arises from a dispute over the payment of fees for legal work related to the collection of KGPA's outstanding accounts receivable. The settlement agreement contemplates the hiring of counsel for this purpose and gives the third-party neutral, in his capacity as firm representative, the ultimate authority to choose a lawyer or law firm. The third-party neutral chose to hire Katzman's new law firm, Katzman Chandler, P.A. ("KCPA"), on an hourly basis. After KCPA began submitting invoices to KGPA, Garfinkel objected to paying the invoices for various reasons. The third-party neutral, in his dispute resolution capacity, approved the payment of KCPA's invoices over Garfinkel's objection. Garfinkel sought review of this decision in circuit court.

The court overruled the third-party neutral's decision to approve the payment of KCPA's invoices and ordered KCPA to return more than $250,000 in payments. The court ruled that the third-party neutral exceeded his authority under the settlement agreement in approving the payments, because the agreement did not authorize the hiring of counsel on an hourly basis and did not authorize any additional payment to Katzman or KCPA related to the collection of KGPA's accounts receivable beyond Katzman's entitlement to a certain percentage of the amounts collected.

Katzman and KCPA appealed the court's order.[1]

**Analysis**

---

[1] We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii), which provides for appeal of nonfinal orders that determine the right to immediate possession of property.

2

The primary issue presented for our review is whether the court erred in ruling that the third-party neutral exceeded his authority under the settlement agreement. We review this issue de novo. *See Visiting Nurse Ass'n of Fla., Inc. v. Jupiter Med. Ctr., Inc.*, 154 So. 3d 1115, 1124 (Fla. 2014); *Nash v. Fla. Atl. Univ. Bd. of Trs.*, 213 So. 3d 363, 366 (Fla. 4th DCA 2017).

The parties do not dispute that they intended to limit the scope of judicial review of the third-party neutral's decisions to the scope of review of an arbitrator's decisions. An arbitrator's decisions can be vacated only on grounds of "arbitral misconduct or lack of authority," and not "mere errors of law, or errors of construction or interpretation of a contract." *Visiting Nurse Ass'n*, 154 So. 3d at 1134. A claim that an arbitrator lacked authority to make a certain decision "is jurisdictional in nature and is in reference to the scope of authority given to [the] arbitrator in the arbitration agreement." *Id.* at 1137; *see Nash*, 213 So. 3d at 367 ("An arbitrator exceeds his or her power when he or she goes beyond the authority granted by the parties or the operative documents and decides an issue not pertinent to the resolution of the issue submitted to arbitration.") (citation and alterations omitted).

The court ruled that the third-party neutral lacked authority to approve the payment of KCPA's invoices over Garfinkel's objection, because the payments were not authorized by the terms of the settlement agreement as the court interpreted them. But the court did not have the authority to review the third-party neutral's decision on the merits or reconsider his interpretation of the settlement agreement. *See Visiting Nurse Ass'n*, 154 So. 3d at 1135 ("Parties to an agreement containing an arbitration provision . . . specifically bargained for an arbitrator's construction and interpretation of the agreement as an alternative to litigation in the courts system, as opposed to an additional step in the process.").

The court's analysis erroneously conflated the third-party neutral's authority—in his capacity as firm representative—to hire a law firm to handle KGPA's collections work with his separate authority—in his dispute resolution capacity—to resolve a dispute resulting from his exercise of that authority. Whether the settlement agreement authorized the hiring of KCPA on an hourly basis to handle KGPA's collections work goes to the merits of the parties' dispute, not to the scope of the third-party neutral's authority to resolve the dispute.

The parties' dispute over the payment of KCPA's invoices was plainly within the jurisdictional scope of the third-party neutral's authority to resolve "all disputes relating to or as a consequence of" the settlement

agreement.  Consequently, the third-party neutral's decision to approve the payment of KCPA's invoices over Garfinkel's objection was beyond the proper scope of judicial review.  We therefore reverse the court's order.

*Reversed.*

WARNER, DAMOORGIAN and ARTAU, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**