DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA,**
Appellant,

v.

**GREGORY SMITH,**
Appellee.

No. 4D2023-0369

[February 21, 2024]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kathleen McHugh, Judge; L.T. Case No. COCE22-057433.

Stephanie M. Marchman and Fabian A. Ruiz of GrayRobinson, P.A., Gainesville, and Kristie Hatcher-Bolin of GrayRobinson, P.A., Lakeland, for appellant.

Mark J. Berkowitz of Mark J. Berkowitz, P.A., Fort Lauderdale, for appellee.

KLINGENSMITH, C.J.

Appellant School Board of Broward County, Florida ("the Board") asks this court to reverse the trial court's order denying a motion to vacate and confirming an arbitration award entered in favor of appellee Gregory Smith. Because the arbitrator exceeded his authority in ordering the remedy specified in the arbitration award, we reverse.

Appellee is a member of the Broward Teachers Union whose grievance was subject to the terms of the Union's collective bargaining agreement ("the CBA"). Under the CBA, Union employees and the Board agree to submit all unresolved grievances to arbitration. The CBA provides that the selected arbitrator "shall limit his/her decision to the application and interpretation of [the CBA] and shall have no power to modify, alter, add to, or subtract from the provisions of [the CBA]." Further, both the Union and Board agree that the arbitration award "shall be final and binding."

Under the CBA, the Board must follow specific procedures when filling vacancies in Broward County schools. Regarding employees who apply for promotions, the CBA provides: "If more education support professionals apply than there are positions, attendance and reliability and seniority in the District, shall be the criteria considered *by the principal* in awarding the promotion." (emphasis added).

After not being selected for multiple behavioral technician positions for which he had applied, appellee filed a grievance with the Board, and the parties went to arbitration. The key issue before the arbitrator was whether the Board violated the CBA by not considering appellee's seniority in the school district during the hiring process. This was made clear at the beginning of the arbitration hearing when the arbitrator acknowledged that the parties had agreed the presented issue was whether appellee was "denied a promotional opportunity in violation of article 13F1 of the [CBA]."

In his order, the arbitrator found the Board violated the CBA by not considering appellee's seniority when making the hiring decision on the positions in question. The arbitrator then found the appropriate remedy was for appellee to be hired by the Board as a behavioral technician and receive backpay from the date of his filed grievance.

After appellee moved to confirm the award, the Board moved to vacate the award under section 682.13, Florida Statutes (2022), and argued the ordered remedy exceeded the scope of the arbitrator's authority under the CBA. After a hearing, the county court denied the Board's motion to vacate and confirmed the award, finding the arbitrator "was in a better position to analyze the [CBA] and he had the ability to impose an applicable remedy, based upon his analysis of the terms of that CBA." This appeal followed.

A motion to vacate an arbitration award is reviewed under a mixed standard: legal questions are reviewed de novo whereas factual findings are reviewed for competent substantial evidence. *LeNeve v. Via S. Fla., L.L.C.*, 908 So. 2d 530, 534 (Fla. 4th DCA 2005); *see also Boyhan v. Maguire*, 693 So. 2d 659, 662 (Fla. 4th DCA 1997). To vacate an arbitration award, the movant must establish one of six statutory grounds set forth in section 682.13(1). *See LeNeve*, 908 So. 2d at 534. Among the six grounds is that the "arbitrator exceeded the arbitrator's powers." § 682.13(1)(d), Fla. Stat. (2022). This occurs when the arbitrator "goes beyond the authority granted by the parties or the operative documents and decides an issue not pertinent to the resolution *of the issue submitted to arbitration.*" *Commc'ns Workers of Am. v. Indian River Cnty. Sch. Bd.*,

888 So. 2d 96, 99 (Fla. 4th DCA 2004) (emphasis added) (quoting *Schnurmacher Holding, Inc. v. Noriega*, 542 So. 2d 1327, 1329 (Fla. 1989)).

Even though the parties agreed under the CBA that the arbitrator's award would be "final and binding" on them, such an award is not self-executing and must be confirmed by a court of competent jurisdiction to be enforceable. While the standard of review is highly deferential to the arbitrator's findings and arbitration awards can be confirmed even if legally incorrect, such an award must nonetheless stay within the bounds of section 682.13. *See Schnurmacher Holding*, 542 So. 2d at 1329.

Our decision in *Nash v. Florida Atlantic University Board of Trustees*, 213 So. 3d 363 (Fla. 4th DCA 2017), is instructive. There, a professor applied for a promotion and tenure, which the university denied. *Id.* at 365. After filing a grievance and going to arbitration, the arbitrator found that the university did not consider the proper criteria in reviewing the professor's tenure application and that the appropriate remedy was to direct the university to grant the tenure application. *Id.* at 366. On appeal, we found the arbitrator exceeded his authority under the agreement because the issue before the arbitrator was not whether the professor was entitled to tenure but "whether the University had violated the CBA's procedure for determining an application for tenure and promotion." *Id.* at 367–68. We noted "that once the arbitrator found the University violated the procedure by not relying on established criteria, 'the appropriate remedy' was for the arbitrator to direct the University to review Nash's application *using the correct criteria.*" *Id.*

Like in *Nash*, the arbitrator's authority to order a remedy in this case was limited to directing the Board to reconsider appellee's application in light of the factors which the Board had not previously considered. *See id.* Such a remedy would have addressed the Board's breach of the CBA and, more importantly, the issue presented to the arbitrator. *See id.* However, the arbitrator instead effectively awarded the position to appellee—a power which the CBA vests with principals, not arbitrators. *See id.*; *see also Lake City Fire & Rescue Ass'n, Local 2288 v. City of Lake City*, 240 So. 3d 128, 131 (Fla. 1st DCA 2018) (arbitrator improperly fashioned an award that was outside of the arbitrator's vested authority and equated to an amendment of the bargaining agreement at issue).

The express vesting of hiring authority, combined with the fact that the parties asked the arbitrator to determine only whether the Board considered appellee's seniority in the hiring process, clearly shows the arbitrator did not have the authority to unilaterally hire appellee. *See Commc'ns Workers of Am.*, 888 So. 2d at 99. Allowing the arbitrator to

3

order the promotion of appellee would equate to modifying or altering the CBA, which the agreement explicitly forbids. *See Nash*, 213 So. 3d at 368.

Therefore, we reverse the lower court order denying the Board's motion to vacate the award as it relates to the portion of the award requiring appellee be hired as a behavioral technician with backpay, and remand for the lower court to direct the Board to review appellee's application while invoking the correct CBA criteria. *See Nash*, 213 So. 3d at 368.

*Reversed and remanded with instructions.*

GROSS and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***