# Third District Court of Appeal

## State of Florida

Opinion filed October 22, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0865
Lower Tribunal No. 23-23150-CA-01
_____

**City of Miami**,
Appellant,

vs.

**AFSCME Local 1907**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

George K. Wysong III, City Attorney, and Marguerite C. Snyder, Assistant City Attorney, for appellant.

Phillips, Richard & Rind, P.A., and Osnat K. Rind, for appellee.

Before SCALES, C.J., and LOBREE and GOODEN, JJ.

SCALES, C.J.

The City of Miami (the "City") appeals a March 1, 2024 trial court order denying its motion to vacate an arbitration award. We agree with the trial court that the arbitrator did not exceed her powers in entering the arbitration award and affirm the final judgment.

*Facts*

In 2022, the City laid off four employees (the "Grievants") after eliminating their department, the Neighborhood Enhancement Team Department, thereby abolishing their jobs. The Grievants were members of appellee AFSCME Local 1907 (the "Union"). According to Article 17.2 of the collective bargaining agreement between the City and the Union (the "CBA"),[1] the Grievants, each having obtained seniority with the City, were

---

[1] Article 17.2 of the CBA provides, in pertinent part, as follows:

> [A]ny loss of employment due to a department restructuring, department reorganizing, downsizing or abolishment of a position shall be treated the same as a "layoff."

> Permanent employees subject to a layoff shall be demoted or transferred to those classes in which the employee held previous status, consistent with Civil Service Rules and Regulations, not withstanding [sic] Article 24, Section 24.1, Wages.

> If the employee has ten (10) years of full-time consecutive classified service with the City and has never held permanent status in another position, the employee may be demoted or transferred by management in accordance with his/her seniority to another position in the bargaining unit that is as close to the

entitled to "roll back" to positions they had held before promotion. These former positions, however, also had been abolished with the elimination of the department. Neither Article 17.2 nor any other provision of the CBA contemplated this situation.

The City's layoff of the Grievants prompted the Union to file a grievance on their behalf on March 23, 2022. After the City denied the grievance, the Union demanded arbitration. The arbitrator conducted a hearing and sustained the grievance.

In her June 19, 2023 arbitration award, the arbitrator determined that, because no specific provision of Article 17.2 governed the unique situation Grievants found themselves in – that is, not only had the Grievants' positions been abolished, but the positions they were entitled to roll back to had been abolished as well – a latent ambiguity existed in the CBA. Based on the arbitrator's view of the parties' intent, and consistent with the City's seniority system, the arbitrator construed the CBA to treat the Grievants like employees who have not occupied a previous, permanent position and had

employee's present class and wage level as possible and which he/she is able to perform and qualified to fill. The employee must make a written request for such demotion or transfer within three (3) working days after notification of layoff.

3

no rollback rights. The arbitrator ordered the City to apply Article 17.2 to place the Grievants into other positions which they are qualified to perform.

The City filed a motion in the circuit court to vacate the arbitration award, arguing that the arbitrator exceeded her powers under section 682.13 of the Florida Statutes[2] by both construing Article 17.2 as she did and by fashioning a remedy requiring the City to reinstate the Grievants into other positions. The trial court denied the City's motion and the City timely appealed.

*Analysis*[3]

When, as in this case, a party asserts, under section 682.13(1)(d), that an arbitrator has exceeded her authority, the judicial inquiry is not whether the arbitrator is right or wrong, but rather, whether she "goes beyond the authority granted by the parties or the operative documents and decides an issue not pertinent to the resolution of the issue submitted to arbitration."

---

[2] Section 682.13(1)(d) provides as follows: "Upon motion of a party to an arbitration proceeding, the court shall vacate an arbitration award if . . . [a]n arbitrator exceeded the arbitrator's powers[.]" § 682.13(1)(d), Fla. Stat. (2023).

[3] "This Court reviews orders on a petition to vacate an arbitration award under a mixed standard: facts are reviewed for competent and substantial evidence and legal questions are reviewed de novo." Israel v. Costanzo, 216 So. 3d 644, 646 (Fla. 4th DCA 2017).

4

<u>Schnurmacher Holding, Inc. v. Noriega</u>, 542 So. 2d 1327, 1329 (Fla. 1989).

In the arbitration proceeding, the parties expressly stipulated that the issue was "whether the City violated Article 17.2 of the collective bargaining agreement and, if so, what shall be the remedy."

The arbitrator addressed and decided precisely the issues the parties stipulated were before her.[4] <u>See</u> <u>Metalonis v. Boies Schiller Flexner LLP</u>, 350 So. 3d 458, 462-63 (Fla. 3d DCA 2022) ("[A]n arbitrator exceeds his or her power only when he or she goes beyond the authority granted by the parties."). Thus, we agree with the trial court that, under the facts and circumstances of this case, the arbitrator did not exceed her powers in either construing the parties' CBA or fashioning a remedy that was not prohibited by the CBA.

Affirmed.[5]

---

[4] Contrary to the City's argument, this case is distinguishable from <u>Nash v. Florida Atlantic University Board of Trustees</u>, 213 So. 3d 363 (Fla. 4th DCA 2017). In <u>Nash</u>, the arbitrator awarded a remedy – granting tenure to a faculty member – that was expressly prohibited by the parties' collective bargaining agreement. <u>Id.</u> at 367-68.

[5] We express no opinion as to whether the arbitrator correctly construed the CBA.